UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONKEYBALL MOVIE, LLC,

        Plaintiff,

        v.

DOES 1-171,

        Defendants.

Civil Action No. 10-1520 (BAH)
Judge Beryl A. Howell

**MEMORANDUM OPINION**

    Pending before the Court are motions to dismiss, quash, and for a protective order filed by putative defendant Kylauna McDonald.[1] Ms. McDonald has yet to be named as a defendant in this case, but claims to have received a notice from Comcast, her Internet Service Provider (hereinafter "ISP"), that plaintiff Donkeyball Movie, LLC seeks her identifying information in connection with allegations in the Complaint that certain IP addresses used a file-sharing program called BitTorrent to download and distribute illegally the plaintiff's copyrighted movie *Familiar Strangers*. Ms. McDonald has filed motions seeking to prevent disclosure of her identifying information and otherwise to secure dismissal from the lawsuit. For the reasons set forth below, the putative defendant's motions to quash, dismiss, and for a protective order are denied.

**I.    BACKGROUND**

    On September 10, 2010, plaintiff Donkeyball Movie, LLC filed a Complaint against 171 unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally

---

[1] Ms. McDonald has filed motions representing that she is a putative defendant in this lawsuit, but has not provided the IP address listed in the plaintiff's Complaint that is allegedly associated with her computer use. The Court therefore has no way of verifying that she is indeed a potential party in this lawsuit. Regardless, however, the court considers her defenses and arguments.

1

infringe plaintiff's copyright in the motion picture *Familiar Strangers*. Compl. ¶ 3, ECF No. 1. These unnamed computer users are identified only by their IP addresses. Given that the defendants in this case were unidentified at the time the plaintiff filed its Complaint, on October 19, 2010, the Court granted the plaintiff leave to subpoena ISPs to obtain identifying information for the putative defendants. Order Granting the Pl.'s Mot. for Leave to Take Disc. Prior to Rule 26(f) Conference, Oct. 19, 2010, ECF No. 6 (Sullivan, J.). Specifically, the Court authorized the plaintiff to obtain "information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address." *Id.* at 1. This information was to be "used by Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in the Complaint." *Id.*

Since the Court approved expedited discovery, ISPs have provided identifying information for the putative defendants in response to the plaintiff's subpoenas on a rolling basis.[2] Prior to providing the plaintiff with a putative defendant's identifying information, however, the Court directed ISPs to send notices to putative defendants informing them of their right to challenge release of their information in this Court. *Id.* at 2. On April 4, 2011, the Court directed the plaintiff to dismiss the putative defendants that it did not intend to sue and to submit a report listing the putative defendants for whom it had yet to receiving identifying information. Order, Apr. 4, 2011, ECF No. 29. On April 15, 2011, the plaintiff voluntarily dismissed 117 putative defendants for which it had received identifying information but did not intend to sue in this Court. Pl.'s Notice of Voluntary Dismissal, Apr. 15, 2011, ECF No. 30.

---

[2] Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff was required to name and serve defendants by January 6, 2011, which is the date within 120 days of filing its Complaint. On January 11, 2011, the plaintiff requested an additional 180 days to name and serve the defendants because the plaintiff had yet to receive identifying information for all 171 IP addresses. Pl.'s Mot. for an Extension of Time to Name and Serve, ECF No. 17. The Court granted this request and extended plaintiff's time to name and serve the putative defendants until June 13, 2011. Minute Order, Jan. 14, 2011 (Sullivan, J.).

The Court is now presented with motions from a putative defendant who seeks to prevent disclosure of her identifying information or otherwise obtain dismissal from the lawsuit. ECF No. 31. The putative defendant generally denies using BitTorrent to download and distribute the plaintiff's movie, and has filed a motion to quash under on FED. R. CIV. P. 45(c)(3), as well as a motion to dismiss asserting that she is improperly joined with other putative defendants, and a motion to dismiss for lack of personal jurisdiction. Additionally, the putative defendant has filed a motion for a protective order. For the reasons stated below, the Court denies all of these motions.

## II.     MOTION TO QUASH UNDER FEDERAL RULE OF CIVIL PROCEDURE 45

Putative defendant Kylauna McDonald has filed a motion to quash the plaintiff's subpoena to ISP Comcast on grounds that she has "no knowledge of the alleged infringement" and because the subpoena subjects her to an undue burden. Kylauna McDonald's Mot. Quash and/or Vacate Subpoena, ECF No. 31; Kylauna McDonald' Aff. Supp. Mot. to Dismiss, Mot. to Quash, and General Defenses, ECF No. 31, at 3; *see also* FED. R. CIV. P. 45(c)(3)(A)(iv). Both of these arguments are unavailing.

Under Federal Rule of Civil Procedure 45(c), the Court must quash a subpoena when, *inter alia,* it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). The putative defendant's general denial that she engaged in copyright infringement is not a basis for quashing the plaintiff's subpoena. It may be true that Ms. McDonald has no knowledge of the alleged illegal infringement of the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of this assertion, decide not to name Ms. McDonald as a party in this lawsuit. On the other hand, the plaintiff may decide to name Ms. McDonald as a defendant in order to have the opportunity to contest the merits and veracity of her defense in this case. In other words, if Ms. McDonald is named as a defendant in this case, she may deny allegations that she used

BitTorrent to copy and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against her. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining Ms. McDonald's identifying information. That would deny the plaintiff access to the information critical to bringing Ms. McDonald properly into the lawsuit to address the merits of both the plaintiff's claim and Ms. McDonald's defense. *See Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash filed by putative defendants in BitTorrent file-sharing case and stating that putative defendants' "denial of liability may have merit, [but] the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties]."); *see also Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (if a putative defendant "believes that it has been improperly identified by the ISP, [the putative defendant] may raise, at the appropriate time, any and all defenses, and may seek discovery in support of its defenses.").

The putative defendant's argument that the plaintiff's subpoena subjects her to an undue burden is also unavailing. Ms. McDonald essentially argues that the plaintiff's subpoena requires her to litigate in a forum in which she should not be subject to personal jurisdiction, which causes her hardship. As explained more fully *infra*, the putative defendant's personal jurisdiction arguments are premature at this time because she has not been named as a party to this lawsuit. Given that she is not a named party, Ms. McDonald is not required to respond to the allegations presented in the plaintiff's Complaint or otherwise litigate in this district. The plaintiff has issued a subpoena to Comcast, the putative defendant's ISP, not to the putative

4

defendant herself. Consequently, Ms. McDonald faces no obligation to produce any information under the subpoena issued to Comcast and cannot claim any hardship, let alone undue hardship.[3]

The putative defendant raises an additional argument in support of her motion to quash based upon her privacy interests. Although the plaintiff's subpoena was not issued to her, she seeks to quash the plaintiff's subpoena "pursuant to the personal right and privilege of protection of information." McDonald Mot. Quash and/or Vacate Subpoena, ECF No. 31, at 1. Rule 45(c)(3)(A)(iii) instructs a Court to quash a subpoena if it "requires disclosure of privileged or other protected matter." FED. R. CIV. P. 45(c)(3)(A)(iii). This rule, however, does not apply here.

The Court recognizes that Ms. Mcdonald's First Amendment right to anonymous speech is implicated by disclosure of her identifying information. *See Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("the file sharer may be expressing himself or herself through the music selected and made available to others."); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 (D. Mass. 2008). Nevertheless, whatever asserted First Amendment right to anonymity the putative defendant may have in this context does not shield her from allegations of copyright infringement.[4] *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Achte/Neunte*, 736 F.

---

[3] Any reliance the putative defendant may have placed on Federal Rule of Civil Procedure 45(c)(3)(A)(ii) as an alternate basis to quash the plaintiff's subpoena is therefore also misplaced. Rule 45(c)(3)(A)(ii) requires the Court to quash a subpoena when the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." Ms. McDonald is not required to respond to the plaintiff's subpoena or otherwise travel away from her home or place of employment.

[4] A more expansive discussion of the putative defendants' First Amendment rights in this case is contained in the Court's Memorandum Opinion filed March 22, 2011, which addresses amici Electronic Frontier Foundation, Public Citizen, American Civil Liberties Union Foundation, American Civil Liberties Union of the Nation's Capital's contention that the putative defendants' First Amendment rights protect against disclosure of the putative defendants' identifying information. *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *10-15 (D.D.C. Mar. 22, 2011) (consolidated opinion also addressing motions filed in *Donkeyball Movie, LLC v. Does 1-171,* No. 10-cv-1520).

Supp. 2d at 216 n.2 ("the protection afforded to such speech is limited and gives way in the face of a prima facie showing of copyright infringement"); *West Bay One, Inc. v. Does 1-1653*, 270 F.R.D. 13, 16 n.4 (D.D.C. 2010) (same); *Sony,* 326 F. Supp. 2d at 567 (First Amendment right of alleged file-sharers to remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

The plaintiff's subpoena requesting the putative defendant's identifying information from Comcast does not subject her to an undue burden nor is the plaintiff's request for the information outweighed by any privacy interest or First Amendment right to anonymity. Moreover, a general denial of liability is not a proper basis to quash the plaintiff's subpoena. Accordingly, Ms. McDonald's motion, under Federal Rule of Civil Procedure 45(c)(3), to quash the subpoena is denied.

### III. MOTION FOR A PROTECTIVE ORDER

The putative defendant has also filed a motion for a protective order seeking to protect her identity from being disclosed to the plaintiff. Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).[5] Such protective orders may forbid disclosure altogether, or, among other measures, "limit[ ] the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(A) and (D). "[A]lthough Rule 26(c) contains no specific reference to privacy

---

[5] The putative defendant states that she seeks a protective order pursuant to Federal Rule of Civil Procedure 37. The Court assumes, however, that she seeks a protective order under Federal Rule of Civil Procedure 26(c), and construes her motion accordingly.

or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984)).

As elaborated above, the putative defendant is not subject to the plaintiff's subpoena, and therefore does not face any "annoyance, embarrassment, oppression, or undue burden or expense" from the plaintiff's discovery request. *See* FED. R. CIV. P. 26(c)(1). To the extent that Ms. McDonald seeks a protective order to prevent disclosure of private identifying information, the Court has held that the putative defendant's First Amendment right to anonymity in the context of her BitTorrent activity is minimal and outweighed by the plaintiff's need for putative defendants' identifying information in order to protect its copyrights. *See Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *10-15 (D.D.C. Mar. 22, 2011). The putative defendant's request for a protective order is therefore denied.

## IV. MOTION TO DISMISS BASED ON IMPROPER JOINDER

The putative defendant argues that she should be dismissed from the lawsuit because the plaintiff has improperly joined her with other putative defendants. McDonald's Mot. Dismiss, ECF No. 31, at 3-4. The putative defendant's argument that she is improperly joined may be meritorious should she be named as a defendant in this action. At this stage in the litigation, however, when discovery is underway to learn identifying facts necessary to permit service on Doe defendants, joinder, under Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified only by IP addresses is proper. As discussed below, this conclusion is further supported by the allegations set forth in the Complaint, which sufficiently establishes a *prima facie* case of infringement of plaintiff's copyright by users of the same file-sharing software program that operates through simultaneous and sequential computer connections and data transfers among the users.

7

At the outset, the Court notes that the remedy for improper joinder, under Federal Rule of Civil Procedure 21, is not dismissal of the action.[6] FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."). Improper joinder may be remedied by "drop[ping]" a party and severing the claim against that party. FED. R. CIV. P. 21 ("On motion or on its own, the Court may at any time, on just terms, add or drop a party."). This would simply create separate actions containing the same claims against the same dropped putative defendants. *See Bailey v. Fulwood*, No. 10-463, 2010 U.S. Dist. LEXIS 141356, at *11 (D.D.C. Feb. 15, 2010); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims under Rule 21 results in the creation of separate actions."). The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency. *See Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (Permissive joinder under Federal Rule 20 is designed "to promote trial convenience and expedite the resolution of lawsuits," quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)). For example, in *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008), the court consolidated separate Doe lawsuits for copyright infringement since the "cases involve[d] similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service

---

[6] Rule 21 does not set forth what constitutes misjoinder, but "it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (citation omitted). Courts have also read Rule 21 in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party. *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002); *see also* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). In addition to the two requirements of Rule 20(a)(2), courts therefore also consider whether joinder would prejudice any party or result in needless delay. *See Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007); *Tenet*, 216 F.R.D. at 138.

8

provider." *Id.* at 161. In the court's view, consolidation of the separate lawsuits for the purposes of expedited discovery "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised." *Id.* The court noted that, after discovery, "[t]he case against each Doe [would] be individually considered for purposes of any rulings on the merits," and the putative defendants could "renew the severance request before trial if the case proceeds to that stage." *Id.* at 161 n.7.

In addition to providing efficiencies for expedited discovery on jurisdictional issues, defendants may be properly joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences; and any question of law or fact in the action is common to all defendants. FED. R. CIV. P. 20(a)(2); *see also Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) (interpreting Rule 20(a)(1), which has the same requirements as Rule 20(a)(2)). The requirements for permissive joinder are "liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive determination of the action." *Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007) (internal quotation omitted); *see also Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010). Thus, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [and] joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In the present case, the plaintiff has met all the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(2). The first requirement is that claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). This essentially requires claims asserted against joined parties to be "logically

9

related." *Disparte*, 223 F.R.D. at 10. This is a flexible test and courts seek the "broadest possible scope of action." *Lane*, 2007 WL 2007493, at *7 (quoting *Gibbs*, 383 U.S. at 724).

The plaintiff alleges that the putative defendants, Ms. McDonald included, used the BitTorrent file-sharing protocol to distribute illegally the plaintiff's motion picture. Compl., ¶ 3. This file-sharing protocol "makes every downloader also an uploader of the illegally transferred file(s). This means that every . . . user who has a copy of the infringing copyrighted material on a torrent network must necessarily also be a source of download for that infringing file." *Id.* The plaintiff further asserts that the "nature of a BitTorrent protocol [is that] any seed peer that has downloaded a file prior to the time a subsequent peer downloads the same file is automatically a source for the subsequent peer so long as that first seed peer is online at the time the subsequent peer downloads a file." *Id.* at ¶ 4.

Based on these allegations, the plaintiff's claims against the putative defendants are logically related at this stage in the litigation. According to the plaintiff, each putative defendant is a possible source for the plaintiff's motion picture, and may be responsible for distributing this copyrighted work to the other putative defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work. *See Disparte*, 223 F.R.D. at 10 (to satisfy Rule 20(a)(2)(A) claims must be "logically related" and this test is "flexible."). While the putative defendants may be able to rebut these allegations at a later date, at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related. *See Arista Records LLC v. Does 1-19,* 551 F. Supp. 2d 1, 11 (D.D.C. 2008) ("While the Courts notes that the remedy for improper joinder is severance and not dismissal, the Court also finds that this inquiry is premature without first knowing Defendants' identities and the actual facts and

circumstances associated with Defendants' conduct." (internal citation omitted)).

Some courts in other jurisdictions have granted motions by putative defendants for severance in analogous copyright infringement cases against unknown users of peer-to-peer file-sharing programs for failure to meet the "same transaction or occurrence test" in Rule 20(a)(2). Those courts have been confronted with bare allegations that putative defendants used the same peer-to-peer network to infringe copyrighted works and found those allegations were insufficient for joinder. *See, e.g., IO Grp., Inc. v. Does 1-19*, No. 10-03851, 2010 WL 5071605, at *8-12 (N.D. Cal. Dec. 7, 2010); *Arista Records, LLC v. Does 1-11*, No. 07-cv-2828, 2008 WL 4823160, at *6 (N.D. Ohio Nov. 3, 2008) ("merely alleging that the Doe Defendants all used the same ISP and file-sharing network to conduct copyright infringement without asserting that they acted in concert was not enough to satisfy the same series of transactions requirement under the Federal Rules."); *LaFace Records, LLC v. Does 1-38,* No. 5:07-cv-298, 2008 WL 544992, at *3 (E.D. N.C. Feb. 27, 2008) (severing putative defendants in file-sharing case not involving BitTorrent technology, noting that "other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper."); *Interscope Records v. Does 1-25*, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (adopting Mag. J. Report and Recommendation at *Interscope Records v. Does 1-25*, No. 6:04-cv-197, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004)). That is not the case here.

The plaintiff has provided detailed allegations about how the BitTorrent technology differs from other peer-to-peer file-sharing programs and necessarily engages many users simultaneously or sequentially to operate. *See Columbia Pictures Indus. v. Fung,* No. 06-5578, 2009 U.S. Dist. LEXIS 122661, at *7 (C.D. Cal. Dec. 21, 2009) (BitTorrent "is unique from that of previous [P2P] systems such as Napster and Grokster. Rather than downloading a file from an

individual user, [BitTorrent users download] from a number of host computers that possess the file simultaneously. . . . The BitTorrent client application [] simultaneously downloads the pieces of the content file from as many users as are available at the time of the request, and then reassembles the content file on the requesting computer when the download is complete. Once a user downloads a given content file, he also becomes a source for future requests and downloads."). Specifically, BitTorrent creates a "swarm" in which "each additional user becomes a part of the network from where the file can be downloaded . . . [U]nlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from each user who has already downloaded the file that together comprises the whole." Compl., ¶ 3.

At least one court has not been persuaded that allegations of copyright infringement by users of BitTorrent satisfy the requirement of Rule 20. *See, e.g., Lightspeed v. Does 1-1000,* No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using BitTorrent technology were misjoined on the basis that the putative defendants were not involved in the "same transaction, occurrence, or series of transactions or occurrence" under FED. R. CIV. P. 20(a)(2)(A)); *Millennium TGA Inc. v. Does 1-800*, No. 10-cv-5603, 2011 U.S. Dist. LEXIS 35406, at *3-5 (N.D. Ill. Mar. 31, 2011) (same). In those cases, the court did not discuss the precise nature of the BitTorrent technology, which enables users to contribute to each other's infringing activity of the same work as part of a "swarm." In any event, by contrast to the instant claim of infringement of a single copyrighted work by the putative defendants, the plaintiffs in *Lightspeed* and *Millennium TGA Inc*. alleged infringement of multiple works, a factor that may undermine the requisite showing of concerted activity to support joinder.

The second requirement for proper joinder under Rule 20(a)(2) is that the plaintiff's claims against the putative defendants must contain a common question of law or fact. FED. R.

CIV. P. 20(a)(2)(B); *see also Disparte*, 223 F.R.D. at 11. The plaintiff has met this requirement as well. The plaintiff must establish against each putative defendant the same legal claims concerning the validity of the copyright at issue and the infringement of the exclusive rights reserved to the plaintiff as the copyright holder. Furthermore, the putative defendants are alleged to have utilized the same BitTorrent file-sharing protocol to distribute and download illegally the plaintiff's movie and, consequently, factual issues related to how BitTorrent works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant. *See* Compl., ¶ 3. The Court recognizes that each putative defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).

In addition to the two requirements for permissive joinder under Rule 20(a)(2), the Court must also assess whether joinder would prejudice the parties or result in needless delay. *See Lane,* 2007 WL 2007493, at *7; *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002). At this stage in the litigation, it will not. The putative defendants are currently identified only by their IP addresses and are not named parties. They are thus not required to respond to the plaintiff's allegations or assert a defense. The putative defendants may be able to demonstrate prejudice should the plaintiff name and proceed with a case against them, but they cannot demonstrate any harm that is occurring to them before that time. In addition, rather than result in needless delay, joinder of the putative defendants facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of the plaintiff's claims. The Court therefore concludes that at this procedural juncture, the plaintiff has met the requirements of permissive joinder under Rule 20(a)(2) and joinder of the putative defendants is

proper.⁷

The Court reaches this conclusion cognizant of the significant burdens on the court and judicial economy posed by the sheer number of putative defendants that the plaintiff seeks to join in a single lawsuit. These concerns are legitimately shared by other courts across the country that are confronting copyright infringement cases involving allegations of illegal file-sharing of copyrighted works by unprecedented numbers of Doe defendants, and the multitude of motions from interested parties that such suits engender. *See, e.g., Lightspeed,* 2011 U.S. Dist. LEXIS 35392, at *7 ( "given the number of 'potential' defendants (i.e., Does 1-1000), [the] court could be faced with hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country."); *Millennium TGA Inc.*, 2011 U.S. Dist. LEXIS 35406, at *5 (same). Courts have varying thresholds for the exercise of their discretion to sever defendants in such cases. *See Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232-33 (M.D. Tenn. 2001) (even if joinder of over 700 named defendants was proper because claims arose from the same series of occurrences, "the Court would exercise the discretion afforded it to order a severance to avoid causing unreasonable prejudice and expense to Defendants and to avoid a great inconvenience to the administration of justice").

This Court similarly must evaluate judicial economy and the administrative burdens of managing such cases, set against the challenge this broad-scale allegedly infringing activity represents for the copyright owners. Copyright owners' efforts to protect their copyrighted works through Doe actions are "costly[,] time consuming[,] . . . cumbersome and expensive." *In*

---

⁷ For a more expansive discussion regarding the propriety of joining the putative defendants in this case, see the Court's Memorandum Opinion filed March 22, 2011 addressing amici Electronic Frontier Foundation, Public Citizen, American Civil Liberties Union Foundation, American Civil Liberties Union of the Nation's Capital's contention that joinder of the putative defendants is inappropriate in this case. *Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *4-7 (D.D.C. Mar. 22, 2011) (consolidated opinion also addressing motions filed in *Donkeyball Movie, LLC v. Does 1-171,* No. 10-cv-1520).

*re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir. 2005) (Murphy, J., dissenting). Yet, copyright owners have limited alternatives to obtain redress for infringement of their protected works other than such lawsuits. *See Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 252 (D. Me. 2008) ("the Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately infringed that interest without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests."); *In re Charter Commc'ns*, 393 F.3d at 775 n.3 ("[A]s a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity."). Courts must nonetheless maintain supervision of these lawsuits and, at some point, the sheer number of putative defendants involved in a single case may necessitate severance.

Joinder in this case at this stage of the litigation is proper. Should Ms. McDonald be named in the Complaint, she may raise the argument that she is improperly joined, under Federal Rule of Civil Procedure 20, and move to sever, under Federal Rule of Civil Procedure 21. Severance prior to that point, as numerous other courts both in and outside this District have held, is premature. *See, e.g., Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1-4,577*, No. 10-cv-00453, ECF No. 34 (D.D.C. July 2, 2010) (Collyer, J.); *West Bay One, Inc. v. Does 1-1653*, No. 10-cv-00481, ECF No. 25 (D.D.C. July 2, 2010) (Collyer, J.); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 11 (D.D.C. 2008) (Kollar-Kotelly, J.); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 161 n.7 (D. Mass. 2008); *Sony Music Entm't, Inc. v.*

*Does 1-40*, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004).

## V. MOTION TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION

Ms. McDonald argues that she should be dismissed from the lawsuit because the Court lacks personal jurisdiction over her. To support this argument, she supplies an affidavit attesting that she does not reside, transact or solicit business, or otherwise have sufficient contacts in the District of Columbia. These asserted facts would become relevant for the Court's consideration when and if the putative defendant is named as a party in this action. She cannot be dismissed, under Federal Rule of Civil Procedure 12(b)(2), from a lawsuit to which she is not a party.

Moreover, to establish personal jurisdiction, the Court must examine whether jurisdiction is applicable under the District of Columbia's long-arm statute, D.C. CODE § 13-423, and must also determine whether jurisdiction satisfies the requirements of due process. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due Process requires the plaintiff to show that the defendant has "minimum contacts" with the forum, thereby ensuring that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also GTE New Media Servs.*, 199 F.3d at 1347.

In cases where a party's contacts with the jurisdiction are unclear and the record before the court is "plainly inadequate," courts have allowed for a discovery period within which to gather evidence to support jurisdiction. *See GTE New Media Servs.*, 199 F.3d at 1351-52 (reversing lower court's finding of personal jurisdiction, but stating that "[t]his court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). "This Circuit's standard for permitting jurisdictional discovery is quite liberal," *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003), and jurisdictional discovery is available when a party has

16

"at least a good faith belief" that it has personal jurisdiction. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). Courts have permitted discovery even when a party has failed to establish a *prima facie* case of personal jurisdiction. *See GTE New Media Servs.*, 199 F.3d at 1352 (". . . as the record now stands, there is absolutely no merit to [plaintiff]'s bold claim that the parent companies and subsidiaries involved in this lawsuit should be treated identically. Jurisdictional discovery will help to sort out these matters."); s*ee also In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (discussing *GTE New Media Servs.* and stating that "the D.C. Circuit held that although plaintiffs had failed to establish a prima facie case of personal jurisdiction and the court was unable to tell whether jurisdictional discovery would assist GTE on this score, plaintiffs were entitled to pursue [discovery]."). In such cases, a party is entitled to pursue "precisely focused discovery aimed at addressing matters relating to personal jurisdiction." *GTE New Media Servs.*, 199 F.3d at 1352.

Although the putative defendant asserts that she does not have sufficient contacts with this jurisdiction to justify personal jurisdiction, the Court, as well as the plaintiff, has limited information to assess whether this jurisdictional defense is valid[8] and to evaluate possible alternate bases to establish jurisdiction. *See, e.g., London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction."); *Humane Soc'y of the United States v.*

---

[8] Putative defendants in this case may argue that the plaintiff should have used freely available tools that extract the geolocation information embedded in each IP address in order to verify the putative defendants' location prior to filing claims in the District of Columbia. While it may behoove the plaintiff to utilize tools to ascertain the general location of the putative defendants prior to filing its case, these lookup tools are not completely accurate and it does not resolve for the Court the question of whether personal jurisdiction would be proper. Ultimately, the Court would still be unable to evaluate properly jurisdictional arguments until the putative defendants are identified and named. *See Sony,* 326 F. Supp. 2d. at 567-68 ("Assuming personal jurisdiction were proper to consider at this juncture, the [publicly available IP lookup] techniques suggested by amici, at best, suggest the mere 'likelihood' that a number of defendants are located [outside this jurisdiction]. This, however, does not resolve whether personal jurisdiction would be proper.").

*Amazon.com, Inc.*, No. 07-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum," quoting *Virgin Records Am., Inc. v. Does 1-35,* No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006)). To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is proper. If and when the putative defendant is ultimately named in this lawsuit, she will have the opportunity to file an appropriate motion challenging the Court's jurisdiction, and the Court will be able to evaluate her personal jurisdiction defense and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate.[9] *See London-Sire Records*, 542 F. Supp. 2d at 180-181 ("premature to adjudicate personal jurisdiction" and permitting plaintiff to engage in jurisdictional discovery); *Sony*, 326 F. Supp. 2d. at 567-68 (same); *Virgin Records,* 2006 WL 1028956, at *3 ("Defendant's Motion to Quash is without merit [] because it is premature to consider the question of personal jurisdiction in the context of a subpoena directed at determining the identity of the Defendant," citing *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-2289, 2004 WL 2095581, at *5 (S.D.N.Y. Sept. 8, 2004); *UMG Recordings v. Does 1-199*, No. 04-0093, slip op. at 2 (D.D.C. Mar. 10, 2004)). Accordingly, the putative defendant's motion to dismiss based on a purported lack of personal jurisdiction is denied at this time.

## VI. CONCLUSION

---

[9] A more expansive discussion regarding the personal jurisdiction issues involved in this case is contained in the Court's Memorandum Opinion filed March 22, 2011 in a similar case involving putative defendants accused of using the BitTorrent file-sharing technology to download and distribute illegally copyright works. *See Call of the Wild Movie, LLC v. Does 1-1,062*, No. 10-cv-455, 2011 WL 996786 at *7-10 (D.D.C. Mar. 22, 2011) (consolidated opinion also addressing motions filed in *Donkeyball Movie, LLC v. Does 1-171,* No. 10-cv-1520).

For the reasons stated above, the putative defendant has failed to demonstrate that the plaintiff's subpoena issued to Comcast, her ISP, should be quashed, that a protective order is warranted, or that she should otherwise be dismissed from this case for improper joinder or a lack of personal jurisdiction. Accordingly, Ms. McDonald's motion to quash the plaintiff's subpoena, motion to be dismissed from the lawsuit, and motion for a protective order are denied. An Order consistent with this Memorandum Opinion will be entered.

**DATE: MAY 12, 2011**　　　　　　　　　　　　　　　/s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge